DEWEY *v*. OTSEGO CIRCUIT JUDGE.

1. CRIMINAL LAW—COMMON LAW—PURPOSE OF WRIT OF ERROR CORAM VOBIS.
   Purpose of common-law writ of error *coram vobis* was to bring into the record a fact not before presented, and, therefore, unknown to the court, and of such nature that, had it been known, the judgment would have been different.

2. SAME—WRIT OF ERROR CORAM VOBIS OBSOLETE.
   Common-law writ of error *coram vobis* has never obtained in this State, having been rendered obsolete by statutory methods of correcting error.

Mandamus by Harry Dewey to compel Guy E. Smith, Otsego circuit judge, to grant a writ of error *coram vobis*. Submitted March 25, 1930. (Calendar No. 34,779.) Writ denied April 7, 1930.

*Kinnane & Leibrand,* for plaintiff.

*Edward A. Bilitzke,* Prosecuting Attorney (*Harold J. Waples,* Assistant Attorney General, of counsel), for defendant.

WIEST, C. J.   Harry Dewey, formerly treasurer of Otsego county, was convicted of embezzlement of county funds, and, April 20, 1929, was sentenced.

July 9, 1929, he made application to the trial court for review in the nature of a writ of error *coram vobis,* alleging that, at the time of his trial and sentence, he was insane, and, therefore, incapable of comprehending the charge laid against him and of assisting his counsel and presenting his defense. Affidavits in support of and in opposition to the application for the writ were filed. The court, without determining whether such a writ is recognized in this jurisdiction, denied the review sought.

We are asked by plaintiff to issue our writ of mandamus, directing the circuit judge to grant review "in the nature of a writ of error *coram vobis.*"

The purpose of the common-law writ of error *coram vobis* was to bring into the record a fact not before presented, and, therefore, unknown to the court, and of such a nature that, had it been known, the judgment would have been different.

In *Teller* v. *Wetherell,* 6 Mich. 45, it was said:

"When the object of the writ is to remove a judgment from an inferior into a superior court, for review, and the correction of errors of law or fact, it is called a writ of error only—nothing more. But when the object of the writ is to correct an error of fact in the same court that rendered the judgment, it is called a writ of error *coram nobis* if it be in the King's Bench, and a writ of error *coram vobis* if it be in the Common Pleas."

In that case it was also stated:

"As to the jurisdiction of the circuit court. The Constitution and statutes defining and limiting its jurisdiction do not give it power in any case to issue a writ of error, and without this power, a writ

of error *coram vobis,* issued by that court, would be void.''

The common-law writ of error *coram vobis* has never obtained in this State, having been rendered obsolete by statutory methods of correcting error. Upon this subject see *Boyd* v. *Smyth,* 200 Iowa, 687 (205 N. W. 522, 43 A. L. R. 1381).

To direct the circuit judge to make review "in the nature of a writ of error *coram vobis,*" would award plaintiff review in the nature of a motion for a new trial long after right to make such a motion has been lost by delay.

The writ is denied, with costs.

BUTZEL, CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.